IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

DELORES J. EWING and KENNETH R.
EWING                                                                                              PLAINTIFFS

v.                                         Case No. 6:16-CV-06048

KOHL'S DEPARTMENT STORES, INC.                                           DEFENDANT

**OPINION AND ORDER**

Before the Court is Defendant Kohl's Department Stores, Inc.'s ("Kohl's") motion for summary judgment (Doc. 9), Plaintiffs Delores J. Ewing and Kenneth R. Ewing's response (Doc. 12), Kohl's reply (Doc. 15), and the parties' supporting documents. Kohl's has also filed a motion in limine (Doc. 16). For the reasons set forth below, Kohl's motion for summary judgment will be granted and the motion in limine will be terminated as moot.

On November 1, 2013, Mrs. Ewing and her daughter were shopping at Kohl's. Mrs. Ewing was waiting on her daughter, who was shopping in another department. Mrs. Ewing was stopped in an aisle of the jewelry section when an unidentified person with a cart walked by her. To allow the unidentified shopper to pass, Mrs. Ewing—who was using a walker—stepped backwards without looking behind her and hit a jewelry display on wheels. Mrs. Ewing contends that the display rolled after she made contact because its wheels were not stabilized, causing her to fall and suffer injuries to her legs, lower back, and tailbone. She claims that her injuries were proximately caused by Kohl's negligence because the defendant owed a duty to use ordinary care for the safety of its business invitees, breached that duty by failing to stabilize the jewelry display or warn of its instability, and its employees were aware of the dangerous condition and failed to correct it. Mrs. Ewing seeks recovery for her personal injuries, pain and suffering, and past and future medical

expenses which allegedly occurred as a result of her fall.  Mr. Ewing seeks damages in a loss of consortium claim.

In this diversity case, the Court applies Arkansas substantive law.  *Murray v. Greenwich Ins. Co.*, 533 F.3d 644, 648 (8th Cir. 2008) (citing *Erie R.R. v. Tompkins*, 304 U.S. 64, 78 (1938)).  "Under Arkansas law, in order to prevail on a claim of negligence, the plaintiff must prove that the defendant owed a duty to the plaintiff, that the defendant breached the duty, and that the breach was the proximate cause of the plaintiff's injuries."  *Fordyce Bank & Trust Co. v. Bean Timberland, Inc.,* 251 S.W.3d 267, 270–71 (Ark. 2007). "Proof of an accident, with nothing more, is not sufficient to make out a claim for negligence."  *Coca–Cola Bottling Co. v. Gill,* 100 S.W.3d 715, 724 (Ark. 2003).

"The issue of whether a duty [of care] exists is always a question of law, not to be decided by a trier of fact.  If no duty of care is owed, summary judgment is appropriate."  *Crenshaw v. Arkansas Warehouse, Inc.*, 379 S.W.3d 515, 516 (Ark. App. 2010) (citation omitted).  Furthermore, "[t]he burden of proof is always on the party asserting negligence, as negligence is never presumed."  *AutoZone v. Horton,* 192 S.W.3d 291, 295 (Ark. App. 2004).  "The duty owed to an invitee is that of ordinary care to keep the premises in reasonably safe conditions."  *Ollar v. Spakes*, 601 S.W.2d 868, 871 (Ark. 1980) (citation omitted).  However, a property owner "is not an insurer of the safety of invitees on his premises, but his liability to an invitee must be based upon negligence."  *Kroger Co. v. Smith,* 218 S.W.3d 359, 362 (Ark. App. 2005).  "To recover from the failure of a possessor of [property] to use ordinary care, the business invitee had to show (1) that the premises were defective, (2) that the possessor created the defect, or that the defect was apparent, or by the exercise of ordinary care should have been apparent, so that a reasonably prudent possessor would correct the defect or warn the invitee of it, and (3) that the defect caused

the injury." *Gann v. Parker*, 865 S.W.2d 282, 284 (Ark. 1993). Mrs. Ewing claims that the alleged failure of Kohl's to stabilize the wheels on the jewelry display created a defect and that the defect caused her injuries.

In its motion for summary judgment, Kohl's does not address the issue of whether there was a defect on its premises, but only contends that the display was an open and obvious danger such that any legal duty owed to Mrs. Ewing was negated. If the jewelry display was an obvious danger, then Kohl's would not owe a duty of care to Mrs. Ewing as a business invitee to protect her from the jewelry display. *Pinson v. 45 Dev., LLC*, 758 F.3d 948, 952 (8th Cir. 2014) (citing *Kuykendall v. Newgent,* 504 S.W.2d 344, 345 (Ark. 1974)). "A dangerous condition is obvious where both the condition and the risk are apparent to and would be recognized by a reasonable man, in the position of the visitor, exercising ordinary perception, intelligence, and judgment." *Van DeVeer v. RTJ, Inc.*, 101 S.W.3d 881, 885 (Ark. App. 2003) (citation and quotation omitted). Thus, the duty of Kohl's to maintain its premises in a reasonably safe condition for business invitees "applies only to defects or conditions which are in the nature of hidden dangers, traps, snares, pitfalls and the like, in that they are known to the invitor but not known to the invitee and would not be observed by the latter in the exercise of ordinary care." *Ethyl Corp. v. Johnson*, 49 S.W.3d 644, 649 (Ark. 2001) (citations and quotations omitted).

The Court finds that the alleged dangerous condition was open and obvious because a reasonable person would have recognized the risk associated with contacting a jewelry display of this size. The jewelry display at issue was described as being approximately five feet in height and two or three feet in width. (Doc. 9-2, p. 15:9-17). A display of that size does not present a defect "in the nature of hidden dangers, traps, snares, pitfalls and the like." *Ethyl Corp.*, 49 S.W.3d at 649. Mrs. Ewing focuses her argument on the wheels underneath the display and contends that

the display "appeared to be flush with the floor and no wheels or rolling mechanisms were visible to customers…" (Doc. 13, p. 2). Similarly, the plaintiff in *Cudney v. Sears, Roebuck & Co.* claimed that she could not see the base of a clothing rack because it "was obscured from view by clothing." 84 F. Supp. 2d 856, 860 (E.D. Mich. 2000). The plaintiff asserted that allowing the leg of a display rack to protrude into the department store's aisle created a tripping hazard. 21 Fed. App'x 424 (6th Cir. 2001). The Sixth Circuit disagreed, reiterating the district court's holding that "no unreasonable risk of harm [is] posed by the existence of racks such as the ones involved here, no matter where they are placed or in what configuration, because a shopper can see exactly where the racks are, and adapt her maneuvering accordingly as she browses amongst them." *Id*. at 429-30. In *Wilson v. Stein Mart, Inc.*, a district court cited *Cudney* in holding that a negligence claim was precluded by the open and obvious doctrine where the plaintiff alleged that she could not see the base of a retail clothing rack because it was obscured from view by garments. 2016 WL 4680008, at *4 (W.D. Tenn. Sept. 7, 2016). As in those cases, Mrs. Ewing's focus on whether the display's wheels were visible is misplaced. The issue is whether the display itself was open and obvious and could have been avoided, and there is no genuine dispute that it was and it could have been.

Furthermore, even if it mattered to this analysis whether or not the display was on wheels, Mrs. Ewing's reliance on the fact that the wheels could not be seen is unavailing. Mrs. Ewing stated that she knew department stores like Kohl's have wheels on displays such as the one at issue. (Doc. 9-1, p. 61:22-24) ("I don't think there's a department store or anywhere that you can go in that they don't have [wheels] on displays like that."). Any reasonable person would understand this jewelry display might have wheels on it regardless of whether or not they were visible, and at any rate would realize that a display of this size and shape would be mobile, and not

4

a permanent fixture. That person would also be expected to know the display's location and adjust his or her browsing accordingly, "no matter where [the display was] placed or in what configuration." *Cundey*, 21 Fed. App'x at 429-30.

In deposition, Mrs. Ewing acknowledged that a jewelry display is not built to hold a person's weight,[1] but stated that she did not know it was behind her when she stepped backwards. (Doc. 9-1, pp. 41:23-42:2). Even though Mrs. Ewing did not see the jewelry display before backing into it, she would have observed it if—in the exercise of ordinary care—she was aware of her surroundings before stepping backwards. *See Lydic v. Lowe's Companies, Inc.*, 2006 WL 3059795, ¶ 10 (Ohio Ct. App. 2005) ("[T]he dangerous condition at issue does not actually have to be observed by the plaintiff in order for it to be an open and obvious condition under the law. Rather, the determinative issue is whether the condition is observable."). A reasonable person would have been aware that a department store's jewelry display would move if pushed, and that condition would have been obvious given the size and location of the display. The display was an open and obvious danger, and any legal duty associated with the customer contact with the display was negated.

Regarding Mrs. Ewing's remaining claims alleging that Kohl's breached its duty to her by failing to keep its aisles free from hazards and that Kohl's employees were aware of the dangerous condition created by the jewelry displayed but failed to correct it, the record is devoid of factual

---

[1] Mrs. Ewing's contact with the jewelry display highlights an issue of causation, which need not be decided for purposes of ruling on the instant motion. In essence, Mrs. Ewing claims that she fell after she made contact with the display because the wheels on the display were not stabilized. It is difficult to imagine circumstances where walking backward into a wheeled display of this size and height would cause a fall, rather than merely fail to stop a fall that was already occurring. Even if Mrs. Ewing were to prove Kohl's owed her a duty and breached that duty, she would have a difficult time convincing any reasonable juror that but for the unstabilized display she would not have fallen.

5

support for these claims. In opposing a motion for summary judgment, Plaintiffs may not rest on allegations or denials in their pleadings but must "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986). Plaintiffs' response to the motion for summary judgment focuses solely on the alleged duty of Kohl's to protect Mrs. Ewing from the unstabilized jewelry display and makes no mention of the alleged knowledge of Kohl's employees. The response is also devoid of specific facts supporting the claim that Kohl's failed to keep its aisles free from hazards. These claims will be dismissed.

Mr. Ewing's loss of consortium claim will similarly be dismissed because a spouse's claim for loss of consortium is derivative of and dependent upon the marital partner's right to recovery. *See Hisaw v. State Farm Mut. Auto. Ins. Co.*, 122 S.W.3d 1, 10 (Ark. 2003). Mrs. Ewing cannot recover on her claims, and so Mr. Ewing cannot recover on his.

IT IS THEREFORE ORDERED that Defendant Kohl's Department Stores, Inc.'s motion for summary judgment (Doc. 9) is GRANTED. Plaintiffs Delores J. Ewing and Kenneth R. Ewing's claims in this case are DISMISSED WITH PREJUDICE. Judgment will be entered accordingly.

IT IS FURTHER ORDERED that Kohl's motion in limine (Doc. 16) is TERMINATED AS MOOT.

IT IS SO ORDERED this 24th day of February, 2017.

/s/ P. K. Holmes, III
P.K. HOLMES, III
CHIEF U.S. DISTRICT JUDGE